UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ADRIAN CARR, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:16-cv-1885-SNLJ |
| JENNIFER JOYCE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Adrian Carr, an inmate at the Medium Security Institution in St. Louis, for leave to commence this action without prepayment of the required filing fee. For the reasons stated below, the Court will grant the motion and assess an initial partial filing fee of $31.45. In addition, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a "Resident Funds Inquiry" form showing an average monthly balance of $157.23 during the six months immediately preceding the filing of the complaint. The Court will therefore assess an initial partial filing fee of $31.45, which is twenty percent of his average monthly balance. *See* 28 U.S.C. § 1915(b)(1).

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Determining whether an action fails to state a claim upon which relief can be granted requires a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the

"mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

Pro se pleadings are liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Even so, a pro se complaint must contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

### The Complaint[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights and his rights guaranteed by the Missouri Constitution. Named as defendant is Jennifer Joyce, the Circuit Attorney for the City of Saint Louis. Plaintiff alleges that the St. Louis Metropolitan Police Department illegally searched his home. Plaintiff also alleges that Joyce denied his rights to a fair and impartial trial and a speedy trial, and wrongfully failed to disclose certain discovery pursuant to Missouri Supreme Court Rules 25.03A(1) and 25.03A(9). Plaintiff also alleges that the Missouri State Public Defender System provided ineffective assistance of counsel. The remainder of plaintiff's complaint consists of rambling paragraphs concerning the general conditions of the institution in which he is incarcerated, including the pricing of commissary items, smells coming in through the windows due to the location of the

---

[1] On December 12, 2016, plaintiff submitted a document that purported to supplement the complaint. It was not on a court-provided form, in direct contravention of E.D.Mo. L.R. 2.06(A), which requires pro se plaintiffs to utilize such a form when drafting pleadings. Further, the Court does not accept amendments to the complaint through supplements. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a fully proposed amendment was not submitted with the motion). Accordingly, the Court will review plaintiff's original complaint pursuant to 28 U.S.C. § 1915.

institution, the lack of chicken, beets and fish to eat, poor medical care, the lack of a law library, and poor electrical service.

As relief, plaintiff states: "I would like for the prosecutor (Circuit Attorney) Jennifer Joyce to be delt [*sic*] with accordingly." (Docket No. 1 at 9). Plaintiff also seeks $7,000,000.00 in damages.

## Discussion

Title 42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred.") To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Given the facts that are alleged in the complaint, the Court concludes that plaintiff's claims against Joyce are not cognizable under 42 U.S.C. § 1983. Judgment in plaintiff's favor would necessarily imply the invalidity of his convictions or sentences. As such, his claims are not cognizable in a § 1983 proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Plaintiff has not alleged, nor does independent research reveal, that his convictions or sentences have previously been reversed,

expunged, or called into question by issuance of a writ of habeas corpus. Even if plaintiff were seeking only declaratory relief, his claims would be non-cognizable. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying the *Heck* rule to a state prisoner's claim for declaratory relief). The claims plaintiff asserts in the instant complaint may only be brought in a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a writ of habeas corpus is the only federal remedy available if a plaintiff is challenging the validity of his conviction or sentence).

Joyce, a prosecutor, is absolutely immune from civil rights claims that are based on actions taken in the performance of her prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *see also Burns v. Reed*, 500 U.S. 478, 486 (1991); *Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution). Thus, absolute immunity provides an additional basis for dismissing this action.

For his allegations concerning the actions of the police department, the public defender's office, and the general conditions of the institution, plaintiff has set forth no facts indicating that Joyce was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Finally, to the extent plaintiff can be understood to seek to redress violations of Missouri law, such allegations do not state a claim under § 1983. *See Williams v. Hopkins*, 130 F.3d 333, 337 (8th Cir. 1997) (alleged violation of state law does not by itself state claim redressable by § 1983

action); *Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation does not, in itself, state a claim under the United States Constitution or § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $31.45 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his inmate registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint and all of his causes of action against defendant are hereby **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss for violation of statutory and constitutional right to speedy trial (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of December, 2016.

                STEPHEN N. LIMBAUGH, JR.
                UNITED STATES DISTRICT JUDGE